# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

| | | |
|---|---|---|
| MONROE E. DAVIS, | ) | No. 02C01-9608-CR-00291 |
| Appellant | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. Arthur T. Bennett, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FILED

August 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

**MICHAEL E. SCHOLL**
212 Adams Avenue
Memphis, TN  38103

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**RHEA CLIFT**
Asst. District Attorney General
Criminal Justice Complex
Suite 301
201 Poplar Street
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

## OPINION

The appellant, Monroe E. Davis, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. On October 6, 1989, the appellant pled guilty to one count of second degree murder and one count of petit larceny. Pursuant to a plea agreement, the appellant was sentenced, as a range I offender, to twenty years for the murder conviction and to one year for the petit larceny conviction to be served concurrently in the Department of Correction. On April 4, 1995, he filed a petition for post-conviction relief asserting a breach of his negotiated plea agreement in that he was denied release by the Board of Parole after thirty percent of his sentence was served. The trial court dismissed the petition as being barred by the three year statute of limitations. See Tenn. Code Ann. § 40-30-102(1990). In this appeal, the appellant contends that, "due to the motion to recuse and [the] transfer of his petition to a new court without proper notice," the statute of limitations should not bar his petition.[1]

The record supports the trial court's finding that the petition is time-barred. The limitations period on the appellant's claims began to run on November 6, 1989. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Thus, the appellant had three years from this date in which to file a cognizable claim for post-conviction relief.[2] Tenn. Code Ann. § 40-30-102. The petition in the instant case was filed on April 4, 1995, well past the three year statute of limitations; thus, the

---

[1]Specifically, the appellant contends that the trial court's order granting its recusal prevented him from knowing in which court an amendment to his petition should be filed. The appellant filed his post-conviction petition on April 4, 1995. Substituted counsel was appointed to represent the appellant in this matter on January 10, 1996. On January 12, 1996, a motion was filed requesting that the trial judge be recused. On March 7, 1996, the motion was granted. First, the appellant's original petition was filed outside the three year period. The appellant's motion to recuse was filed approximately nine months after his post-conviction petition was filed. Moreover, lack of knowledge does not excuse late filings. Skinner v. State, No. 02C01-9403-CC-00039 (Tenn. Crim. App. at Jackson, July 13, 1994), perm. to appeal denied, (Tenn. Oct. 10, 1994) (citing Willis v. State, No. 01C01-9211-CR-00359 (Tenn. Crim. App. at Nashville, Oct. 21, 1993), perm. to appeal denied, (Tenn. Mar. 7, 1994)). This claim is without merit.

[2]The appellant had until November 6, 1992, to file a petition for post-conviction relief.

appellant is "barred" from seeking post-conviction relief.

Notwithstanding the fact that the petition is time-barred, the appellant fails to state a constitutionally cognizable claim for relief under the Post-Conviction Procedure Act.  See  Tenn. Code Ann. § 40-30-105 (1990).  The release eligibility date is the earliest date an inmate convicted of a felony is eligible for parole and is dependant upon numerous factors.  No constitutional right exists to be released at the earliest release eligibility date.  See  Depew v. State, No. 03C01-9504-CR-00116 (Tenn. Crim. App. at Knoxville, Aug. 21, 1995).

Pursuant to Rule 20, Rules of the Court of Criminal Appeals, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
THOMAS T. WOODALL, Judge